STATE OF NORTH CAROLINA v. WALTER JAMES BROWN

No. 7016SC600

(Filed 21 October 1970)

1. Criminal Law § 166— the brief — abandonment of assignment of error
     Assignment of error not brought forward and argued in the brief is deemed abandoned. Court of Appeals Rule No. 28.

2. Criminal Law § 161— assignment of error — form and sufficiency
     A mere reference in the assignment of error to the record page where the asserted error may be discovered fails completely to comply with Rules 19 (c) and 21, Rules of Practice in the Court of Appeals.

3. Criminal Law § 163— assignment of error to the charge
     Defendant's assignments of error to the charge in this criminal case fails to comply with the Rules of the Court of Appeals.

4. Rules of Civil Procedure § 50— motion for judgment n.o.v.
     The motion for judgment notwithstanding the verdict is not a proper procedure in a criminal action.

APPEAL by defendant from *Clark, J.,* 20 October 1969 Session of Superior Court of ROBESON County.

Defendant was charged with public drunkenness, carrying a concealed weapon, resisting arrest and malicious damage to personal property. He was convicted on each charge in District Court and appealed to Superior Court. He was, by the jury,

found guilty of each charge. From the judgments entered on the verdicts and the imposition of sentences, defendant appealed. He was represented by privately retained counsel. Record on appeal was not docketed within the time allowed by our rules and defendant petitioned this Court for writ of *certiorari* which was allowed.

*Attorney General Morgan by Staff Attorney Sauls for the State.*

*Arthur L. Lane for defendant appellant.*

MORRIS, Judge.

The record on appeal filed by defendant was devoid of any order allowing *certiorari,* and the record as filed indicated the appeal was subject to dismissal. On oral argument, defendant moved to be allowed to file the order as an addendum to the record. This motion is allowed. Defendant's brief was not filed within the time allowed by the rules of this Court. However, in this case, in view of the fact that no objection has been interposed by the State, we are not disposed to dismiss defendant's appeal on that ground.

[1] The exceptions taken by defendant have been assembled into five groups under the heading "Assignments of Error." Group I is addressed to the court's overruling his motion for nonsuit at the close of the State's evidence and renewed at the close of all the evidence. This alleged error is not brought forward and argued in defendant's brief and is, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1969).

[2] Defendant includes 12 exceptions under Group II as follows:

"GROUP II

"EXCEPTIONS NOS. 4 (R p 29), 5, 6, 7, 8 (R p 30), 9, 10, 11, 12 (R p 31), 13 (R pp 31-32), 14 (R p 32) and 17 (R p 45).

The court below allowed prejudicial, irrelevant and immaterial evidence to be adduced in the presence of the jury."

In *State v. Kirby, supra,* defendant, who had been convicted of first-degree murder, was represented on appeal by the same counsel now appearing for defendant before us. In the opinion

in that case, the Court quoted defendant's purported assignment of error as to rulings of the court on evidence. It was:

> "GROUP I—EXCEPTIONS NOS. 6 (R p 25), 7 (R pp 25-26), 8 (R p 29), 9 (R p 30), 10 (R pp 31-32), 11 (R p 39), 12, 13 (R p 40), 14 (R pp 40-41), 15 (R p 41), 16 (R p 45), 17 (R pp 45-46), 18 (R p 46), 19 (R pp 46-47), 20 (R p 47), 21, 22 (R p 48), 23 (R pp 50-51), 24 (R p 52), 25 (R p 53), 26 (R pp 55-56), 27 (R pp 56-57), 28 (R p 59), 29 (R pp 61-62), 30 (R p 62), 31 (R pp 64-65), 32 (R p 66), 33 (R p 67), 34 (R pp 68-69), 35, 36 (R p 71), 37, 38 and 39 (R p 72).

> 'The court below allowed prejudicial, irrelevant and immaterial evidence to be adduced in the presence of the jury to the prejudice of the defendant, and these for the Appellant are EXCEPTIONS NOS. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39.' "

With respect to this purported assignment of error the Court said: " 'The assignment must be so specific that the court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary.' *Thompson v. R.R.*, 147 N.C. 412, 61 S.E. 286.", and

> "As aptly stated in *McDowell v. Kent*, 153 N.C. 555, 69 S.E. 626, '[w]hat the Court desires, and indeed the least that any appellate court requires, is that the exceptions which are *bona fide* . . . shall be stated clearly and intelligibly by the assignment of errors and not by referring to the record, and therewith shall be set out so much of the evidence or of the charge or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated.' "

The Court then noted that the Rules of the Supreme Court are mandatory and will be enforced, and said "Since the Rules require that assignments of error specifically show within themselves the questions sought to be presented, it follows, therefore, that a mere reference in the assignment of error to the record page where the asserted error may be discovered—defendant's procedure here—fails completely to comply with Rules 19(3) and 21, Rules of Practice in the Supreme Court (citing cases)."

Defendant's procedure in this case, identical to his procedure in *State v. Kirby, supra,* is, of course, subject to the same treatment here. It fails completely to comply with Rules 19 (c) and 21, Rules of Practice in the Court of Appeals of North Carolina, which rules were promulgated by the Supreme Court of North Carolina.

[3]  We turn now to defendant's next purported assignments of error directed to alleged errors in the charge as follows:

### "GROUP III

EXCEPTIONS NOS. 19 (R p 49), 20 (R p 52), 21 (R pp 52-53), 22 (R p 56), 23 (R pp 57-58), 24 (R pp 59-60) and 25 (R p 63).

The court erroneously charged the jury as to the facts, law and evidence produced in the case to the prejudice of the defendant."

and

### "GROUP V

EXCEPTION NO. 24A (R p 61).

The court below neglected to properly charge the jury during its main charge to the prejudice of the defendant, thereby necessitating an additional charge which did not cure this prejudice."

In *State v. Kirby, supra,* defendant's alleged errors in the charge were presented under "Group V" in the following language:

"GROUP V — EXCEPTIONS NOS. 132 (R p 174), 135 (R pp 175-176), 136 (R p 176), 137 (R p 177), 138, 139 (R p 178), 140 (R p 179), 141 (R pp 179-180), 142, 143 (R p 180), 144 (R p 181), 144A, 144B (R p 182), 144C, 144D (R p 183), 144E (R pp 183-184), 144F (R p 184), 144G (R p 185), 144H (R pp 185-186), 144I (R p 186), 144J (R p 187), and 144K (R p 188).

'The court erroneously charged the jury as to the facts, law and evidence produced in the case to the prejudice of the defendant, and this for the appellant is EXCEPTIONS NOS. 132, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 144A, 144B, 144C, 144D, 144E, 144F, 144G, 144H, 144I, 144J, and 144K.' "

With respect to this assignment, the Supreme Court said:

"This assignment—like a hoopskirt—covers everything and touches nothing. It is based on numerous exceptions and attempts to present several separate questions of law—none of which are set out in the assignment itself—thus leaving it broadside and ineffective. 'An assignment which attempts to raise several different questions is broadside.' *Hines v. Frink and Frink v. Hines,* 257 N.C. 723, 127 S.E. 2d 509.

Assignments of error to the charge should quote the portion of the charge to which appellant objects, and assignments based on failure to charge should set out appellant's contention as to what the court should have charged. *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736. 'When an exception relates to the charge, that portion to which the exception is taken must be set out in the particular assignment of error. A mere reference to the exception number and the page number of the record where the exception appears . . . will not present the alleged error for review. *Pratt v. Bishop,* 257 N.C. 486, 499, 126 S.E. 2d 597, 607; *Darden v. Bone,* 254 N.C. 599, 601, 119 S.E. 2d 634, 636; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271.' *Samuel v. Evans and Cooper v. Evans,* 264 N.C. 393, 141 S.E. 2d 627."

We cannot perceive that the Court could have more clearly pointed out defendant's complete failure to comply with the rules nor more clearly set out the proper procedure to be followed.

Obviously, the assignments of error attempted to be presented here are identical in form to those attempted to be presented in *Kirby.* They fail for the same reasons.

[4] Finally, defendant moved to set the verdicts aside, for judgment notwithstanding the verdicts, and for a new trial. He cites no authority in his brief in support of any of these motions, all of which are argued under "GROUP IV." Clearly the motion for judgment notwithstanding the verdicts is not a proper procedure in a criminal action. He argues that he is entitled to a new trial because the court improperly permitted prejudicial evidence to be adduced in the presence of the jury and permitted the State persistently to ask improper questions in the presence of the jury. Our voyage of discovery through the record discloses that to questions propounded to defendant's character witness by the solicitor, defendant aptly objected, his objections were sustained by the court, and, as defendant states in his brief, the

court instructed the jury that questions asked by the solicitor were not to be considered by them as evidence. Defendant did not request the court to limit the cross-examination, did not request instructions to the jury, nor did he ask for a mistrial— any one of which he could have done and should have done had he felt at trial, as he contends now, that his right to a fair trial was not being properly protected.

As was said in *Kirby, supra*:

"Defendant's failure to perfect his appeal in conformity with the rules has necessitated a judicial Easter egg hunt. No error of law appears on the face of the record proper, and our reluctant voyage through the remainder of the record has uncovered no error which would require a new trial."

No error.

Judges BROCK and GRAHAM concur.