STATE OF NORTH CAROLINA v. ROBERT LEE NEAL, AND EUGENE DAVIS

No. 7319SC604

(Filed 19 September 1973)

1. **Constitutional Law § 32; Criminal Law § 66— photographic identification — no right to counsel**

     A pretrial photographic identification of defendants by the prosecuting witness did not constitute a lineup entitling defendants to have counsel present.

2. **Criminal Law § 66— identification of defendants — observation at crime scene as basis**

     Where the identifying witness picked up the defendants in his cab, drove them for a short while before and after the robbery, and subsequently made an out-of-court photographic identification of defendants, the witness's in-court identification of defendants was based upon his impression formed at the time of the robbery and was not tainted by the photographic identification.

3. **Criminal Law § 66— photographic identification of defendants — no suggestiveness**

     Where the identifying witness was given a stack of ten photographs, four of which were photographs of the two defendants, the identification procedure was not so suggestive as to give rise to a substantial likelihood of irreparable misidentification.

4. **Criminal Law § 162— objection to evidence — failure to make motion to strike**

     Where inadmissibility of evidence becomes apparent upon the answer rather than the question itself, objection may be made as

soon as the inadmissibility becomes known, and it should be made in the form of a motion to strike; failure to make a motion to strike precludes defendant from raising the question of admissibility on appeal.

5. **Robbery § 3— armed robbery — admission of knife not used in robbery**

In light of other evidence of defendants' guilt, they were not prejudiced by the introduction into evidence of a knife found on the person of one defendant but not used in the commission of the crime charged.

6. **Robbery § 4— robbery of cab driver at knife point — sufficiency of evidence**

Evidence in an armed robbery case was sufficient to be submitted to the jury where it tended to show that the victim picked up defendants in his cab and that they robbed him of $62 at knife point.

7. **Criminal Law § 163— exception to charge — form**

Exceptions to the trial court's charge which do not comply with Court of Appeals Rule 19(d) are not considered by the court on appeal.

8. **Constitutional Law § 36; Robbery § 6— armed robbery — no cruel and unusual punishment**

Sentences within the statutory limits for armed robbery were not cruel and unusual.

ON *certiorari* to review the order of *McConnell, Judge,* at the 12 December 1972 Session of CABARRUS Superior Court.

Defendants in this case were indicted for the armed robbery of one Gary Dry and one Terry Simpson. The cases were consolidated without objection and were tried before a jury at the 12 December 1972 Criminal Session of Cabarrus County Superior Court. Both defendants pleaded not guilty to both counts and were convicted of the armed robbery of Dry but not of Simpson.

State's evidence consisted of the following testimony:

Gary Dry testified that the two defendants were passengers in his cab around 4:00 or 5:00 p.m. on the day of the robbery and that they robbed him of $62 at knife point. Following a voir dire examination, Dry was permitted to testify that he recognized the defendants in the courtroom as his assailants.

Police Officer J. W. Yates testified as to the account Dry gave him of the robbery. He was allowed over objection to testify that Dry said one of the defendants severed the cord on the microphone on the cab's radio and threw it out the window.

State v. Neal

He further testified that when he and Dry returned to the scene of the robbery, they discovered the microphone in the bushes eight to ten feet from the side of the road with a portion of apparently severed cord attached.

The State rested its case, and defendants' motion to dismiss was overruled.

In an attempt to establish an alibi for both defendants, the defense presented the following testimony:

Coy Blackman and Roosevelt Parks testified that they were with both defendants around 4:30 or 5:00 on the afternoon of the robbery and that they drove them to Fisher Town.

Defendant Davis then took the stand and testified that Blackman took Neal and him to Fisher Town and that they were in Fisher Town together until about 11:30 p.m. shooting pool and drinking beer. At about 11:30 they went to a taxi stand to get a ride home, and while they were waiting for a taxi, the North Kannapolis police arrested them for public drunkenness. They were taken back to Kannapolis and put in the local jail. At about 6:00 a.m. the next morning Officer Yates and another officer arrested both defendants (in jail) for armed robbery.

The State's rebuttal evidence: Officer Yates returned to the stand and testified that he arrested both defendants at 8:13 p.m.

The motion of each defendant to dismiss was renewed and overruled.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*Johnson and Jenkins, by Cecil R. Jenkins, Jr., for defendant appellants.*

MORRIS, Judge.

[1] Appellants contend that the trial court erred in allowing an in-court identification of defendants because it was tainted by an illegal out-of-court identification. Specifically, they contend that the photographic identification of defendants by the prosecuting witness prior to trial constituted a lineup and that defendants were entitled to have counsel present. Such contention is untenable.

"A suspect has no constitutional right to the presence of counsel when eyewitnesses are viewing photographs for purposes of identification, and this is true regardless of whether he is at liberty or in custody at the time. *State v. Accor and Moore*, 277 N.C. 65, 175 S.E. 2d 583 (1970); *State v. Jacobs*, 277 N.C. 151, 176 S.E. 2d 744 (1970). Such pretrial identification procedure is not a critical stage of the proceeding as delineated in *United States v. Wade*, 388 U.S. 218, 18 L.Ed. 2d 1149, 87 S.Ct. 1926 (1967), and *Gilbert v. California*, 388 U.S. 263, 18 L.Ed. 2d 1178, 87 S.Ct. 1951 (1967)." *State v. Stepney*, 280 N.C. 306, 313, 185 S.E. 2d 844 (1972).

[2] In addition, appellants contend that the photographic identification was so suggestive as to render invalid the in-court identification. It is well established that a conviction based on an in-court identification following a pretrial photographic identification will be set aside only if the photographic identification procedure is so suggestive as to give rise to a substantial likelihood of irreparable misidentification. *Simmons v. U.S.*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968); *State v. McPherson*, 276 N.C. 482, 172 S.E. 2d 50 (1970). In the case *sub judice* the identifying witness, Yates, testified that he picked up the defendants in his cab around 4:00 or 5:00 p.m. and drove them for a short while before and after the robbery. At the police station he was given a stack of ten photographs, four of which were photographs of the two defendants. Following a voir dire examination of Yates, the trial court found that his in-court identification was based upon his impression formed at the time of the robbery and was not tainted by the photographic identification.

[3] We believe the trial court's finding was correct. In *State v. McPherson, supra,* it was held that placing two photographs of defendants in a stack of seven or eight to be examined was not so impermissibly suggestive as to render invalid an in-court identification where the victim had ample opportunity to see his assailants in good light at the time of the robbery. In *U.S. v. Cunningham*, 423 F. 2d 1269 (4th Cir. 1970), it was held not to be impermissibly suggestive when 14 photographs were shown, and seven of them depicted defendants. In *Simmons v. U.S., supra,* six of an undisclosed total of photographs were of one defendant, and the procedure was held not to be suggestive. The identification here is no more suggestive than was that of the *McPherson, Cunningham* and *Simmons* cases, *supra.*

**[4]**   Appellant contends that the court erred in allowing Officer Yates to testify regarding the microphone on the cab's radio. Although this evidence may have been in fact inadmissible, appellant is precluded from raising the point on appeal, for he made no motion to strike the answer given by Officer Yates. The record does not show the question in response to which Officer Yates offered the testimony; rather, it shows that counsel's objection was made after the answer.

In cases where inadmissibility becomes apparent upon the answer rather than the question itself, the objection may be made as soon as the inadmissibility becomes known, and it should be made in the form of a motion to strike. *State v. Little,* 278 N.C. 484, 180 S.E. 2d 17 (1971). Failure to interpose a timely objection in the form of a motion to strike constitutes waiver of the exception and cannot be considered on appeal. *State v. Dickens,* 11 N.C. App. 392, 181 S.E. 2d 257 (1971); *State v. Battle,* 267 N.C. 513, 148 S.E. 2d 599 (1966).

**[5]**   Appellants also contend that they were prejudiced by the introduction of State's Exhibit No. 2, a knife found on the person of defendant Neal but not used in the commission of the felony. This knife was a relatively insignificant part of the State's case, and, in our opinion, appellants were not injured by its introduction in light of the other evidence of their guilt. This result is consistent with the holding of the Supreme Court in *State v. Carnes,* 279 N.C. 549, 184 S.E. 2d 235 (1971).

**[6]**   Appellants further assign as error the failure of the trial court to dismiss the cases. It is true that no evidence was introduced concerning the robbery of Terry Simpson; however, the point is moot since there was no conviction in those cases. There was no error in the court's failure to dismiss the cases involving the robbery of Gary Dry. When taken in the light most favorable to the State, the evidence presented was clearly sufficient to get to the jury.

**[7]**   Appellants have excepted in their fifth through ninth assignments of error to the trial court's charge to the jury. This court has said in interpreting Rule 19(d) of the Rules of Practice in the Court of Appeals of North Carolina:

> "Assignments of error to the charge should quote the portion of the charge to which appellant objects, and assignments based on failure to charge should set out appellant's contention as to what the court should have

charged . . . A mere reference to the exception number and the page number of the record where the exception appears . . . will not present the alleged error for review. (Citations omitted.)" *State v. Brown,* 9 N.C.App. 534, 538, 176 S.E. 2d 907 (1970).

Appellants have not complied with Rule 19(d) relative to their exceptions to the trial court's charge — which we find to be without prejudicial error — and those exceptions will not be discussed.

[8] The sentences of defendants cannot be considered cruel and unusual punishment, for they are within the limits established by G.S. 14-87. Since *State v. Manuel,* 20 N.C. 144 (1838), the appellate courts of this State have held that when punishment does not exceed the limit fixed by statute, it cannot be considered cruel and unusual in a constitutional sense. Accord *State v. Powell,* 6 N.C. App. 8, 169 S.E. 2d 210 (1969); *State v. Atkinson,* 278 N.C. 168, 179 S.E. 2d 410 (1971).

We have reviewed all of defendants' assignments of error, and in our opinion no error has been made sufficiently prejudicial to warrant a new trial.

No error.

Judges BRITT and PARKER concur.