STATE OF NORTH CAROLINA v. THOMAS EPPS

No. 8816SC914

(Filed 15 August 1989)

## 1. Narcotics § 2— conspiracy to traffic in cocaine—failure to allege amount of cocaine—quashed required

The trial court erred in failing to quash the indictment in a prosecution for conspiracy to traffic in cocaine where weight was an essential element of the offense but the indictment failed to give any weight for the cocaine involved.

## 2. Narcotics § 2— trafficking in cocaine—two-count indictment— amount alleged in only one count—indictment sufficient to charge crime

Where defendant was charged in a two-count indictment with trafficking in cocaine by sale and the second count did not state the amount of cocaine involved, the trial court did not err in denying defendant's motion to quash the indictment, since the first count did allege the amount involved; the two counts, when read together, apprised defendant that he was being charged with trafficking in cocaine by the sale of 35.1 grams of that substance to an undercover officer; there was no possibility that defendant was confused about the offense charged; defendant did not claim any problem with his trial preparation; the two counts were based upon a single drug transaction; there was only one amount of cocaine involved; and the court did not encounter any problems in pronouncing defendant's sentence.

APPEAL by defendant from *Ellis (B. Craig), Judge*. Judgment entered 24 March 1988 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 21 March 1989.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Robert J. Blum, for the State.*

*Williamson, Dean, Brown & Williamson, by Richard T. Brown, for defendant-appellant.*

ORR, Judge.

The State's evidence tends to show that on 6 April 1987, Lee Hecht, who was serving as an undercover narcotics agent with the Scotland County Sheriff's Office, and a confidential informant were introduced to a man claiming to be Allen Scott. Hecht told Scott he wanted to purchase an ounce and a quarter (1¼) of cocaine. Upon instruction from Scott, Hecht and the informant followed Scott to an abandoned business formerly known as Chico's Trading Post.

Officer Hecht was told by Scott to get out of his van and approach the abandoned building. He refused to, and Scott disappeared walking in the direction of the Benton Trailer Park. Hecht later learned that defendant lived in the trailer park. Shortly thereafter, Scott returned, with the defendant appearing a couple of seconds later. Before reaching Hecht's van, defendant and Scott stopped and had a brief dialogue. Officer Hecht testified that "I advised him [defendant] that I was there to purchase an ounce and a quarter of cocaine. I advised him [defendant] that the price agreed upon was $2,000.00. At that point in time, he advised me, no, that the correct price was going to be $2,100.00." The two then consummated the deal.

Officer Hecht left the area and made notes on the transaction. Thereafter Hecht met with an officer to whom he was reporting and turned over three plastic bags containing a white powdery substance which defendant had referred to as cocaine. The substance was later determined to be cocaine based on a chemical analysis.

Defendant was subsequently arrested and charged with conspiracy to commit the felony of trafficking in cocaine under G.S. 90-95(i); trafficking in cocaine by possession with the intent to sell or deliver cocaine under G.S. 90-95(h)(3)(a); and trafficking in cocaine by sale and delivery also under G.S. 90-95(h)(3)(a). Defendant was then tried before a jury and found guilty as charged. He was sentenced to a total of 18 and one-half years imprisonment. Defendant now appeals.

## I.

The first issue which we will address is whether the court erred in denying defendant's motion to quash the indictments for conspiracy to traffic in cocaine and for trafficking in cocaine by sale. Defendant contends that the conspiracy indictment contains no reference to any particular statute and it fails to refer to any weight or volume of cocaine involved. He likewise contends that the trafficking by sale indictment fails to allege a weight; therefore, it fails to state a chargeable offense.

"An indictment is a written accusation of crime drawn up by the public prosecuting attorney and submitted to a grand jury, and found and presented by them on oath or affirmation as a true bill." 7 Strong's N.C. Index 3d *Indictment and Warrant* section 7 (1976). In order for an indictment to be valid,

> there must be such certainty in the statement of accusation as will (1) identify the offense with which the accused is sought to be charged; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the accused to prepare for trial; and (4) enable the court, on conviction or plea of *nolo contendere* or guilty, to pronounce sentence.

*State v. Goforth*, 65 N.C. App. 302, 305, 309 S.E.2d 488, 491 (1983). *Goforth* involved an indictment where defendants were alleged to have conspired to traffic in "at least 50 pounds of marijuana" in violation of G.S. 90-95(i). *Id.* There we held that weight is an essential element of that offense and we arrested the judgment on that charge because the indictment failed to allege that the amount of marijuana involved was "in *excess* of 50 pounds" as required by G.S. 90-95(h)(1). (Emphasis added.)

[1] Defendant correctly points out that the conspiracy indictment fails to give any weight for the cocaine involved. Our trafficking statutes were enacted with an aim toward the offender who facilitates the large scale transfer of drugs. *State v. Willis*, 61 N.C. App. 23, 42, 300 S.E.2d 420, 431, *modified and aff'd*, 309 N.C. 451, 306 S.E.2d 779 (1983). An indictment for conspiracy to traffic in cocaine must sufficiently demonstrate that the alleged offender was facilitating the transfer of "28 grams or more of cocaine." *See* G.S. 90-95(h)(3) and (i). Therefore, we find that because this indictment did not clearly allege all of the material elements to support a conviction for conspiracy to traffic in cocaine, the judgment on that

issue must be arrested. *State v. McGaha*, 306 N.C. 699, 295 S.E.2d 449 (1982); *State v. Stokes*, 274 N.C. 409, 163 S.E.2d 770 (1968).

## II.

[2]   As to the trafficking in cocaine by sale charge, the defendant was charged in a two-count indictment which states, *inter alia*, that:

> [O]n or about the 6th day of April, 1987 . . . the defendant named above unlawfully and feloniously did possess with intent to sell or deliver a controlled substance, 35.1 grams of cocaine which is included in Schedule II of the North Carolina Controlled Substances Act . . . .

> [O]n or about the 6th day of April, 1987 . . . the defendant named above unlawfully, willfully and feloniously did sell to Det. Lee Hecht a controlled substance, cocaine which is included in Schedule II of the North Carolina Controlled Substance Act . . . .

As previously indicated, defendant is challenging the second count. He claims that the indictment does not contain all of the requisite elements in order to validly charge him with a violation of G.S. 90-95(h)(3).

The State contends that since the amount of cocaine, 35.1 grams, was alleged in the "possess[ion] with intent to sell" offense, defendant could not have been misled or placed in double jeopardy by the indictments. We agree with the State's position on this issue and affirm the trial court's denial of the defendant's motion to quash this indictment for the reasons set forth below.

While we recognize that each count of an indictment should be complete in itself, "the fact that the first count charges the offense in general terms and is insufficient is not fatal when subsequent counts for specific violations sufficiently set out the offense complete within themselves." 7 Strongs N.C. Index 3d *Indictment And Warrant* section 9 (1976). Furthermore,

> it is not the function of an indictment to bind the hands of the State with technical rules of pleading; rather, its purposes are to identify clearly the crime[,] . . . [put] the accused on reasonable notice . . . and to protect the accused from being jeopardized by the State more than once for the same offense.

*State v. Sturdivant*, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981).

STATE v. EPPS

[95 N.C. App. 173 (1989)]

Here, the two counts, when read together, apprise defendant that he is being charged with trafficking in cocaine by the sale of 35.1 grams of that substance to Officer Hecht. There is no possibility that defendant was confused about the offense charged, nor does defendant claim any problem with his trial preparation. The two counts in the indictment are based upon a single drug transaction between defendant and Officer Hecht. There was only one amount of cocaine involved—the 35.1 grams as was alleged in the first count. Furthermore, the court did not encounter any problems in pronouncing defendant's sentence.

This case does not involve the risk of abuse to defendant's constitutional rights which similar factual problems might present. The two-count indictment clearly alleges the offense of trafficking in cocaine by sale and trafficking in cocaine by possession. *Cf. State v. Goforth*, 65 N.C. App. 302, 309 S.E.2d 488 (1983). There was no error in the court's denial of defendant's motion.

Defendant raised the additional issue of the trial court's alleged error in failing to dismiss the conspiracy to traffic in cocaine charge due to insufficient evidence. We see no need to consider that assignment of error in light of our decision to arrest judgment on that conviction.

Judgment is arrested on the conspiracy charge, case number 87CRS1738.

Judgment is affirmed on the trafficking in cocaine by sale charge, case number 87CRS1739.

Judges BECTON and JOHNSON concur.