STATE OF NORTH CAROLINA v. DAVID DE LA SANCHA COBOS

No. COA10-557

(Filed 3 May 2011)

**1. Indictment and Information— cocaine trafficking—amount omitted—added by amendment—no subject matter jurisdiction**

The trial court lacked subject matter jurisdiction to try defendant for conspiracy to traffic in cocaine where the initial indictment did not specify the amount of cocaine involved, an essential element. An indictment may not be amended to substantially alter the charge in the indictment, and a party may not consent to subject matter jurisdiction.

**2. Drugs— cocaine trafficking—admission of unidentified white powder—not prejudicial—other evidence**

Defendant could not show that the admission of a white plastic bag containing an unidentified white powder was prejudicial in a cocaine prosecution where another bag of cocaine, weighing eighty-three grams, was properly admitted into evidence.

**3. Cocaine—lay identification—not prejudicial**

Where an eighty-three gram bag of cocaine was properly admitted into evidence, there was no plain error in the admission of an investigator's lay identification of a white powder in another bag of cocaine.

**4. Appeal and Error— hearsay—no objection or motion to strike—not considered**

The question of whether an investigator's testimony was hearsay was reviewed only as plain error where defendant never objected to or moved to strike the testimony on hearsay grounds. There was no plain error.

**5. Appeal and Error— preservation of issues— constitutional issue—not raised below—not considered**

A Confrontation Clause issue was not properly before the Court of Appeals where it was not presented to the trial court below.

Judge STEELMAN concurring.

Appeal by Defendant from Judgment entered 13 November 2009 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 3 November 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for the State.*

*Kimberly P. Hoppin for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

David De La Sancha Cobos ("Defendant") appeals his convictions for conspiracy to traffic cocaine and possession with intent to sell or deliver cocaine. The indictment for the conspiracy charge failed to allege an essential element of the crime. At trial, the court amended the indictment to include that element. We agree with Defendant's argument that the trial court lacked jurisdiction to do so; therefore, the trial court also lacked jurisdiction to try Defendant for that crime. Consequently, Defendant's conspiracy conviction must be arrested. For the reasons stated below, Defendant's remaining arguments are not meritorious.

## I. Factual and Procedural Background

On 21 April 2009, a Wake County grand jury indicted Defendant for conspiracy to traffic cocaine and possession with intent to sell or deliver cocaine. The conspiracy indictment read as follows:

The jurors for the State upon their oath present that on or about March 12, 2009, in Wake County, the defendant named above unlawfully, willfully and feloniously did conspire with Facundo Ausencio Marquez and Enoe Jaramillo Martinez to commit the felony of trafficking to deliver Cocaine, which is included in Schedule II of the North Carolina Controlled Substances Act. This act was done in violation of NCGS 90-95(h) of the North Carolina Controlled Substances Act.

At the beginning of the trial before the jury was empaneled, the State moved to amend the conspiracy indictment to strike "and Enoe Jaramillo Martinez." The State also moved to add the words "to deliver 28 grams or more but less than 200 grams of cocaine," although counsel for the State opined that such an amendment was not necessary. Defendant did not object to the first amendment, and the trial court allowed it. As to the second amendment, defense counsel stated that he disagreed with the State's contention that an amendment was not required, but did not oppose the motion to amend because his client was in custody. The trial court allowed the amendment, and Defendant entered a plea of not guilty as to all charges.

The State's evidence tended to show the following. On 12 March 2009, Officer M.D. Faulcon of the Raleigh Police Department ("RPD") received a phone call from an informant, Jose Lopez, who indicated he knew a Hispanic man from whom he (Lopez) could purchase two or three ounces of cocaine. Lopez referred to this person as "David." Lopez provided two telephone numbers for David, a current number as well as an old number. Officer Faulcon had worked with Lopez on two or three prior occasions and found him to be reliable. Lopez had previously provided information in exchange for dismissal or reduction of criminal charges or monetary compensation.

Using the information provided by Lopez, Officer Faulcon identified Defendant as the individual who would be able to provide the cocaine. He confirmed Defendant's identity by showing a picture of Defendant to Lopez. Officer Faulcon and his supervisor then contacted the Wake County Sheriff's Department ("WCSD") in order to coordinate the operation because Lopez indicated the transaction would take place in Zebulon or Wendell, outside of RPD's jurisdiction. Officer Faulcon instructed Lopez to set up the purchase at a store in Zebulon.

Lopez scheduled the sale for the same day, and Lopez, Officer Faulcon, and other RPD officers arrived at the WCSD drugs and vice unit headquarters to coordinate the operation around 5:00 p.m. Following the meeting, the officers then escorted Lopez back to the RPD facility where his vehicle was parked. They then searched the vehicle as well as his person for contraband or weapons. The officers wired Lopez's vehicle with electronic monitoring equipment so they could listen to his conversations. Investigator Daniel Wright of WCSD arranged for a special response team to assist in the operation.

Following the search of Lopez's vehicle, officers followed Lopez to a Food Lion in Zebulon where the buy was supposed to take place. Defendant notified Lopez there were police cars in front of the Food

Lion, so the location of the transaction was changed to the parking lot of a nearby Compare Foods store. The special response team and other officers redeployed to the new location.

After receiving a pre-arranged signal from Lopez, the special response team arrested Defendant and an individual later identified as Facundo Marquéz. After the arrest, Investigator Wright arrived at the scene and was directed to Defendant's truck, which had a plastic bag on the front seat containing eighty-three grams of a white powdery substance. Another officer searched Defendant and recovered a second plastic bag containing a white powdery substance from his pocket.

Both plastic bags and their contents were sent to the City–County Bureau of Identification for analysis. The powder found in Defendant's vehicle was determined to be cocaine, and the powder and plastic bag were eventually admitted into evidence. The contents of the bag found on Defendant's person was not analyzed or identified by a forensic chemist. At trial, this substance was eventually admitted into evidence only as "a white plastic bag with white powder in it." Investigator Wright testified that, based on his experience, he believed both substances to be cocaine.

The State also presented testimony from Marquez, who testified as follows. Marquez had previously sold Defendant cocaine in $50 to $150 quantities. In this case, Marquez explained, Defendant phoned Marquez and stated he had a deal with another individual for three ounces of cocaine (worth $3000). The two agreed that Defendant would obtain cocaine from Marquez and then transfer it to another person. It was Marquez's understanding that he was to deliver the cocaine to Defendant, Defendant would sell it to a third party, and Marquez would then be paid the $3000 for the cocaine. When Marquez arrived at the Compare Foods location, he found Defendant sitting in his truck, approached him, and gave him the cocaine. Marquez then went into the store to "buy some things."

At the close of the State's evidence, Defendant moved to dismiss both charges, and the trial court denied the motion. Defendant did not offer any evidence.

At the conclusion of his trial, the jury convicted Defendant of conspiracy to traffic in cocaine by delivery of 28 grams or more but less than 200 grams under section 90-95(h) and possession with intent to sell and deliver cocaine under section 90-95(a)(1). The trial court consolidated the offenses and sentenced Defendant to a term of 35 to 42 months in prison. Defendant gave oral notice of appeal.

## II. Jurisdiction

We have jurisdiction over Defendant's appeal of right. *See* N.C. Gen. Stat. § 15A-1444(a) (2009) ("A defendant who has entered a plea of not guilty to a criminal charge, and who has been found guilty of a crime, is entitled to appeal as a matter of right when final judgment has been entered."); N.C. Gen. Stat. § 7A-27(b) (2009) (stating appeal shall be to this Court).

## III. Analysis

### A. The Conspiracy Indictment

[1] Defendant first argues the conspiracy indictment was fatally defective and that the trial court committed reversible error in allowing the State's motion to amend the indictment by adding the language "to deliver 28 grams or more but less than 200 grams of cocaine." We agree.

Whether an indictment is fatally defective is a question of law reviewed by this Court *de novo. State v. Marshall,* 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008). "[I]t is well-settled that 'the failure of a criminal pleading to charge the essential elements of the stated offense is an error of law which may be corrected upon appellate review even though no corresponding objection, exception or motion was made in the trial division.' " *Id.* at 747, 656 S.E.2d at 712 (quoting *State v. Sturdivant,* 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981)).

"Jurisdiction to try an accused for a felony depends upon a valid bill of indictment guaranteed by Article I, Section 22 of the North Carolina Constitution." *State v. Snyder,* 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citing *State v. McBane,* 276 N.C. 60, 65, 170 S.E.2d 913, 916 (1969)). "An indictment charging a statutory offense must allege all of the essential elements of the offense." *Id.* (citing *State v. Crabtree,* 286 N.C. 541, 544, 212 S.E.2d 103, 105 (1975)). In order to allege all of the essential elements, an indictment for conspiracy to traffic in cocaine must allege the defendant facilitated the transfer of " '28 grams or more of cocaine.' " *State v. Epps,* 95 N.C. App. 173, 175, 381 S.E.2d 879, 881 (1989). A conviction based on a flawed indictment must be arrested. *State v. Outlaw,* 159 N.C. App. 423, 428, 583 S.E.2d 625, 629 (2003) ("Since the indictment in this case did not include the weight of the cocaine possessed and that fact was an essential element of the offense charged, judgment as relates to the conspiracy charge must be arrested.").

Here, the indictment failed to specify the amount of the cocaine, stating only that Defendant "unlawfully, willfully and feloniously did conspire . . . to commit the felony of trafficking to deliver Cocaine." Therefore, the original indictment was missing an essential element of the offense.

The Criminal Procedure Act provides that "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2009). Our Supreme Court "has interpreted the term 'amendment' under N.C.G.S. § 15A-923(e) to mean 'any change in the indictment which would substantially alter the charge set forth in the indictment.' " *Snyder*, 343 N.C. at 65, 468 S.E.2d at 224 (quoting *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)). Because we have previously held that the weight of the cocaine is an essential element of the offense of conspiracy to traffic in cocaine, we conclude that amending an indictment by adding an essential element is "substantially alter[ing]" the indictment. Therefore, the trial court erred in adding an essential element to Defendant's indictment.

The State argues such an error is not fatal because an indictment may be amended by consent. In *State v. Jones*, the State and the defendant agreed to try the defendant on a charge of second-degree arson even though the indictment had erroneously referenced the statute for first-degree arson. 110 N.C. App. 289, 293, 429 S.E.2d 410, 413 (1993). This Court held that

> [t]he only possible "amendment" that occurred as to defendant's indictment was the decision to proceed to trial on the charge of second degree arson with the statutory reference to [the first degree arson statute] still on the bill. We feel that this statutory reference amounts to surplusage on the bill of indictment, not a material change.

*Id.* at 292, 429 S.E.2d at 412. For the proposition that a defendant can consent to amending an indictment, the State relies on one line of *Jones*, which, citing our Supreme Court's decision in *State v. Jackson*, 280 N.C. 563, 187 S.E.2d 27 (1972), states that "an indictment may not be amended in a material manner without the consent of the defendant or the grand jury." *Jones*, 110 N.C. App. at 291-92, 429 S.E.2d at 412 (citing *Jackson*, 280 N.C. 563, 187 S.E.2d 27). While this statement in *Jones* does support the State's argument, it was clearly *dicta* as it was not integral to the outcome in *Jones. See Trs. of Rowan Technical Coll. v. J. Hyatt Hammond Assocs., Inc.*, 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985) ("Language in an opinion not necessary to

the decision is *obiter dictum* and later decisions are not bound thereby."). Furthermore, our Supreme Court explicitly stated in *Jackson* that it did "not consider to what extent, if any, a bill of indictment may be amended with the consent of a defendant and his counsel." 280 N.C. at 569, 187 S.E.2d at 30. Rather, the *Jackson* Court's holding was limited: the amendment to the indictment was immaterial because it did not involve an element of the crime charged. *See id.* The amendment to Defendant's indictment in this case, on the other hand, *added* an essential element of the offense.

Neither the Supreme Court's decision in *Jackson* nor our decision in *Jones held* that an indictment may be amended by consent. And the statement to that effect in *Jones* is clearly *dicta*. Even if Defendant's acquiescence could be construed as consenting to the amendment, which was required to establish the trial court's jurisdiction, a party cannot consent to subject matter jurisdiction. *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 88, 92 S.E.2d 673, 676 (1956).

We hold (1) the amendment was material and therefore substantially altered the indictment, (2) Defendant's conduct did not confer jurisdiction upon the trial court, and (3) the trial court lacked subject matter jurisdiction to try Defendant's conspiracy charge. The judgment against him on the conspiracy charge must be arrested. The State should have either obtained a superseding indictment from a grand jury or tried him on a bill of information. Materially amending an already flawed indictment was not the correct procedural solution under these circumstances.

## B. The Cocaine Found on Defendant's Person

[2] The State moved to admit the substance found on Defendant's person, along with its packaging, into evidence "as a white plastic bag with white powder in it making no claims as to what it is." The trial court admitted the evidence over Defendant's objection. Defendant argues the trial court erred by admitting the bag of white powder into evidence because (1) the bag was irrelevant unless admitted as a bag of cocaine, (2) the bag's probative value was substantially outweighed by the danger of unfair prejudice, and (3) the bag constituted impermissible character evidence. *See* N.C. R. Evid. 401-04. We decline to address the substance of his arguments because, even if the trial court erred in all respects, Defendant has not demonstrated he was prejudiced in a meaningful way by the admission of the substance into evidence. *See State v. Phillip*, 261 N.C. 263, 266-67, 134 S.E.2d 386, 390 (1964) ("Regardless of whether the defendant bases

his appeal upon an error of law or an abuse of discretion, it is elementary that to entitle him to a new trial he must show not only error but prejudicial error."). The small amount of powder found on Defendant was tangential to the outcome of his case. Furthermore, Investigator Wright testified that Defendant had possession of the bag and that the bag contained cocaine. (Defendant maintains permitting this reference constituted plain error, *see infra*, but for the purpose of Defendant's non-plain-error argument, this testimony is deemed properly admitted.) "The offense of possession with intent to sell or deliver has three elements: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance." *State v. Nettles*, 170 N.C. App. 100, 105, 612 S.E.2d 172, 175 (2005). Another bag of cocaine that was found in Defendant's vehicle, weighing eighty-three grams, was *properly* admitted into evidence. The State presented ample evidence of the elements of the charge of possession with intent to sell or deliver aside from whatever substance was discovered on Defendant's person. Defendant's argument fails.

[3] Defendant also contends the trial court committed plain error with respect to Investigator Wright's identification of the substance as cocaine because he did not have personal knowledge of the substance's discovery and because a lay opinion cannot form the basis for the identification of a substance as cocaine. *See* N.C. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter."); *State v. Llamas-Hernandez*, 189 N.C. App. 640, 652, 659 S.E.2d 79, 86 (2008) (Steelman, J., dissenting) ("[I]t is clear that the General Assembly intended that expert testimony be required to establish that a substance is in fact a controlled substance."), *rev'd for reasons stated in dissent*, 363 N.C. 8, 673 S.E.2d 658 (2009). In order to prevail in his plain error argument, Defendant must convince us that that the alleged error likely tilted the scales against him, causing the jury to reach a guilty verdict. *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986). Even assuming the trial court erred, for the reasons stated above, Defendant has failed to meet this high burden. Therefore, his plain error argument fails.

## C. Hearsay

[4] Finally, Defendant argues he is entitled to a new trial due to hearsay testimony given by Investigator Wright. At trial, the State asked Investigator Wright what led him to believe Defendant was working with Marquez. (Presumably, the question was intended to

establish an element of the conspiracy charge.) Investigator Wright responded that he thought this was the case because Defendant "met the CI [(Lopez)] at the first location and had showed him some cocaine." Defendant objected, arguing Investigator Wright lacked personal knowledge of that incident. The State argued Defendant opened the door to this line of questioning during cross-examination, and the trial court agreed, overruling the objection. When Investigator Wright began recounting the incident in further detail, Defendant objected again, this time on the basis of hearsay (among other grounds).

Outside the presence of the jury, the trial court was informed Investigator Wright's testimony on this point was derived from a conversation with Lopez and was not based on direct observations. The trial court determined Investigator Wright's proposed testimony (concerning what the informant told him about this particular exchange with Defendant) was hearsay. The trial court elaborated that this evidence went to the truth of the matter asserted—namely, whether Defendant was a participant, had knowledge of the transaction, or other essential elements of the offense—and that Defendant did not open the door to this line of questioning during cross-examination. The trial court did not instruct the jury to disregard Investigator Wright's initial statement that Defendant "met the CI [(Lopez)] at the first location and had showed him some cocaine." Defendant did not move to strike that testimony.

On appeal, Defendant argues Investigator Wright's initial statement—the statement to which Defendant objected on personal knowledge grounds—was inadmissible hearsay. However, "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court with a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). If inadmissibility becomes apparent only after a witness answers a question, the objecting party must move to strike the witness's answer in order to preserve the issue for appeal. *State v. Neal*, 19 N.C. App. 426, 430, 199 S.E.2d 143, 145 (1973). Because Defendant never objected to or moved to strike the statement on hearsay grounds, he must establish the admission of that evidence constituted plain error.

As we explain above, plain error review imposes a heavy burden on a defendant. Assuming the first statement was hearsay, as the trial court concluded after learning of the basis for the statement, we do

not agree with Defendant that this evidence likely tilted the scales against him such that he is entitled to a new trial.

**[5]** Defendant's brief also suggests his constitutional confrontation clause rights were violated. However, that argument is not properly before this Court because it was not presented to the trial court below. *See State v. Creason*, 313 N.C. 122, 127, 326 S.E.2d 24, 27 (1985) (stating this Court is not "required to pass upon a constitutional issue unless it affirmatively appears that the issue was raised and determined in the trial court"); *State v. Greene*, 351 N.C. 562, 566, 528 S.E.2d 575, 578 (2000) ("[P]lain error analysis applies only to instructions to the jury and evidentiary matters.").

Judgment arrested in part; no error in part.

Judge STEPHENS concurs.

Judge STEELMAN concurs in a separate opinion.

STEELMAN, Judge concurring.

I concur with the majority opinion. As to section IIIB it was error for the court to admit lay opinion testimony that the substance found on defendant's person was cocaine. *State v. Llamas-Hernandez*, 189 N.C. App. 640, 652, 659 S.E.2d 79, 86 (2008) (Steelman, J., dissenting), *rev'd for reasons stated in dissent*, 363 N.C. 8, 673 S.E.2d 658 (2009). However, it was not plain error. In its instructions to the jury on the charge of possession with intent to sell and deliver cocaine, the trial court charged the jury on constructive possession. Thus the jury was not limited to the substance found on defendant's person, but could also have considered the bag in the defendant's vehicle containing eighty-three grams of cocaine in deciding defendant's guilt or innocence on this charge.