Battle, J.
 

 We are unable to discover any thing in the errors assigned by the defendant, in his bill of exceptions, to entitle him to a
 
 venire ele novo.
 
 Whatever force there might, have been in the objection to the admission of the testimony, relative to the issuing of the warrant, and its tenor before its destruction was proved, was entirely removed when such proof was given. We believe that it is not uncommon for a court to admit testimony, the competency of which, depends upon some other proof, when an assurance is given by the party that he will offer such preliminary proof,'and when it is introduced, we cannot see how the opposite party can be prejudiced by the order in which the testimony was given. In the present case, the destruction of the State’s warrant by the defendant, was the main allegation in the bill of indictment, and of course, it had to be proved in the progress of the trial, for the purpose of establishing his guilt. He could not, therefore, be, in any manner, prejudiced by the proof that the warrant was prepared and delivered to him by the magistrate ; for it could not hurt him, unless it was afterwards pi’ov-ed that lie had destroyed it.
 

 The second exception, founded upon the rejection of the testimony, offered by the defendant, to show that the day after the destruction of the warrant, he went to the magistrate and explained how it came to be destroyed, and that in consequence thereof, he could not make a due return, is also untenable. He could not thus make evidence for himself, to exculpate him from the charge of having destroyed the State’s .warrant;
 
 State v. Tilley,
 
 3 Ire. Rep. 424;
 
 State v.
 
 Neville, (ante 424,) decided at the late term in Baleigh, and not yet
 
 *512
 
 reported. Nor was it evidence of a return, or of an excuse for not making a return, as lie had released the defendant in the warrant from arrest, and therefore, did not have him in custody, so as to be ready to make a due return before the magistrate.
 

 As we do not find any error in either of the exceptions assigned, we must direct the judgment to be affirmed.
 

 Pee Curiam, Judgment affirmed.