STATE OF NORTH CAROLINA v. JOHNNY B. GOFORTH, HOWARD B. ROSOKOFF AND VIRGINIA LEE REYNOLDS

No. 8328SC121

(Filed 6 December 1983)

**1. Narcotics § 2— indictment for trafficking in marijuana**

    An indictment charging that defendant conspired to traffic "in at least 50 pounds of marijuana" was invalid because it failed to charge that defendant conspired to traffic "in excess of 50 pounds." G.S. 90-95(h)(1); G.S. 90-95(i).

**2. Searches and Seizures § 25— insufficient affidavit for search warrant**

    An officer's affidavit was insufficient to support issuance of a warrant to search a residence for drugs where the affidavit contained no facts closely related to the time of its issuance that justified a finding of probable cause at that time, and where there was no information in the affidavit to support a finding of probable cause that drugs were being stored or that drug-related activities were taking place at the residence.

APPEAL by defendants from *Owens, Judge.* Judgments entered 16 August 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 18 October 1983.

On 10 September 1981, Special Agent David C. Ramsey of the State Bureau of Investigation applied for a warrant to search for marijuana at 335-A Temple Road, Black Mountain, North Carolina. The attached affidavit recited the following facts to establish probable cause for the issuance of the search warrant:

On Monday, June 22, 1981 until present Affiant has interviewed various sources concerning an alleged illicit drug smuggling operation. . . . As a result of this investigation the Affiant has obtained information from the above named sources which indicates that Depoo, Goforth, Reynolds, Howie, Harris, and Roach are smuggling marijuana and other drugs from Florida to North Carolina by automobile. Further, that since the smuggling operation has been in effect the suspects have been utilizing two residences in Buncombe County for the storage of drugs and the furtherance of their illicit drug operation. Note: These residences are is named in the places to be searched. (DCR)

. . .

On April 16, 1977 Goforth . . . was arrested in Falfurries, Texas for possession of approximately 270 pounds of mari-

juana. Goforth subsequently pleaded guilty . . . to possession of marijuana. . . .

Affiant has not been able to locate any arrest information on Reynolds.

On Thursday, September 10, 1981 Affiant . . . obtained information from the Drug Enforcement Administration that Roskoff [sic] is known to be a heroin and cocaine seller, and in 1975 Roskoff [sic] was indicted by a Florida Grand Jury for a drug violation. Further, that Roskoff [sic] was alledged [sic] to be involved in vessels which were suppose [sic] to be involved in drug smuggling.

Since this investigation was initiated Affiant has conducted surveillance on several occassions [sic] at the Executive Club, Hwy. 70, Swannanoa, N.C., a residence located at 335-A Temple Road, Black Mountain, N.C., and a residence located off Bee Tree Lake Road in Buncombe County. During this period of time Affiant has personally observed meetings take place between Harris and Goforth, Roskoff [sic] and Goforth, Goforth and Reynolds, and further that on Thursday, September 10, 1981 Affiant observed Danny Roach and "Slim" Jordan at the residence located at 335-A Temple Road, Black Mountain, North Carolina. Subsequently on 9/10/81 this affiant interviewed a confidential source previously mentioned in this affidavit as reliable. The source stated that on this date subjects Danny Roach and Jordan Robinson were traveling from Rutherford Co. to Black Mtn. to purchase marihuana. [sic] As a result Agents conducting surveillance observed the above subject (Roach and Robinson) at the residence described in this warrant operating a Ford, bearing N.C. plates. Agents observed the vehicle depart the residence and proceed east on Hwy. 70. The subjects observed Agents conducting surveillance and turned around and went back to the residence (after stopping at the ABC store). Shortly Robinson and Roach departed again operating the same vehicle and were stopped by Agents. A search of the vehicle proved neg. with the exception of a [sic] odor of marihuana [sic] present in the trunk of the vehicle. . . .

Also Robinson had approx. five to six thousand dollars in US currency on the person and the name and address of Paul

Depoo. As a result of the information in this affidavit this affiant request that this warrant be issued and all papers, documents, and monies be seized and held subject to court order as evidence as a conspiracy to traffic in marihuana [sic].

Attached was a description of the premises at 335-A Temple Road.

Based on the affidavit and application, a search warrant for 335-A Temple Road was issued on 10 September 1981. The search warrant was executed on that same day. Two burlap bags containing a quantity of suspected marijuana were found during the search, and defendants were arrested. On 1 December 1981, a true bill of indictment was returned against each defendant for trafficking in marijuana on 10 September 1982 "by possessing more than 50 pounds but less than 100 pounds of marijuana."

Defendants filed motions to suppress and a motion *in limine* to suppress all items seized under the search warrant. A hearing on these motions was held on 20 April 1982. After that hearing, the trial judge entered an order, dated 10 May 1982, denying the motions to suppress and motion *in limine* of defendant Rosokoff.

On 11 May 1982, each defendant was indicted for conspiring "to commit the felony of trafficking in at least 50 pounds of marijuana G.S. 90-95(h), a controlled substance which is included in Schedule VI of the North Carolina Controlled Substance Act. This act was in violation on [sic] the following law: 90-95(h)(i)."

On 10 August 1982, defendants came to trial on the conspiracy charges. At that time, defendant Goforth called to the attention of the court the lack of a ruling on his motions to suppress and motion *in limine*. The trial court then considered the evidence and denied defendant Goforth's motions.

Defendants were tried on the conspiracy charges. The jury returned a guilty verdict, and defendants' motions for appropriate relief were denied. Defendants each received prison sentences of eight years. Defendants Goforth and Reynolds were fined $5,000 each, and defendant Rosokoff was fined $7,500.

From these judgments, defendants appeal.

*Attorney General Edmisten by Associate Attorney John R. Corne, for the State.*

*Herbert L. Hyde and Max O. Cogburn, Sr., for defendant-appellants Johnny B. Goforth and Howard B. Rosokoff.*

*Robert L. Harrell, Assistant Public Defender, for defendant-appellant Virginia Lee Reynolds.*

EAGLES, Judge.

I.

[1] Defendants assign as error the trial court's denial of their motion for appropriate relief, after the return of the jury verdict, on the grounds that the conspiracy indictments do not charge any violation of the law. For a valid indictment, there must be such certainty in the statement of accusation as will (1) identify the offense with which the accused is sought to be charged; (2) protect the accused from being twice put in jeopardy for the same offense; (3) enable the accused to prepare for trial; and (4) enable the court, on conviction or plea of nolo contendere or guilty, to pronounce sentence. *State v. Sparrow*, 276 N.C. 499, 510, 173 S.E. 2d 897, 904 (1970), *cert. denied*, 403 U.S. 940, 91 S.Ct. 2258, 29 L.Ed. 2d 719 (1971). We find that there was uncertainty as to the offense charged sufficient to render the indictments here invalid and hold that defendants' motion for appropriate relief should have been granted.

The indictments recited that defendants "did feloniously conspire . . . to commit the felony of trafficking in at least 50 pounds of Marijuana G.S. 90-95(h). . . . This act was in violation on [sic] the following law: 90-95(h)(i)." Because the offense charged was a conspiracy, the citation to G.S. 90-95(h)(i) should properly read "90-95(i)." G.S. 90-95(i) establishes the penalty for conspiracy to traffic in marijuana as the same as for trafficking in marijuana as provided in G.S. 90-95(h). Trafficking in marijuana consists of either selling, manufacturing, delivering, transporting, or possessing "in excess of 50 pounds (avoirdupois) of marijuana." G.S. 90-95(h)(1). Thus, an indictment for violation of G.S. 90-95(i) must charge a defendant with conspiring to traffic, sell, manufacture, deliver, transport, or possess *in excess of* 50 pounds of marijuana. See, *State v. Anderson*, 57 N.C. App. 602, 292 S.E. 2d 163, *cert. denied*, 306 N.C. 559, 294 S.E. 2d 372 (1982).

These indictments are invalid because they charge that defendants conspired to traffic "in at least 50 pounds of marijuana." An indictment must particularize the essential elements of the specified offense. *State v. Sturdivant*, 304 N.C. 293, 309, 283 S.E. 2d 719, 730 (1981). Weight of the marijuana is an essential element of trafficking in marijuana under G.S. 90-95(h). *State v. Anderson*, 57 N.C. App. at 608, 292 S.E. 2d at 167. Conspiracy to traffic in marijuana is not alleged by these indictments because "in at least 50 pounds" is not "in excess of 50 pounds." Because of the fatal error in failing to allege all the necessary elements of the offense, the indictments here were invalid.

Judgment must be arrested when the indictment fails to charge an essential element of the offense. *State v. McGaha*, 306 N.C. 699, 295 S.E. 2d 449 (1982); *State v. Cannady and State v. Hinnant*, 18 N.C. App. 213, 196 S.E. 2d 617 (1973). Therefore, defendants' motions for appropriate relief were improperly denied, and judgments in these cases must be arrested. See G.S. 15A-1411(c).

The legal effect of arresting judgment is to vacate the verdict and sentence. The State may proceed against the defendants if it so desires, upon new and sufficient bills of indictment. *State v. Benton*, 275 N.C. 378, 167 S.E. 2d 775 (1969); *State v. Cannady and State v. Hinnant, supra.*

## II.

[2] Because the State may seek to re-indict and re-try defendants, we think it appropriate to discuss one other assignment of error. Defendants contend that the trial court erred in denying defendants' motion to suppress and motion *in limine* to suppress all evidence and items seized during the search. Defendants allege that the affidavit offered in support of the search warrant was fatally defective because (1) the information contained in it was stale and (2) it failed to implicate the premises to be searched. We agree. There were no facts in the affidavit closely related to the time of its issuance that justified a finding of probable cause at that time. Neither was there any information in the affidavit to support a finding of probable cause that drugs were being stored or that drug-related activities were taking place at 335-A Temple Road.

Search warrants may only be issued upon a finding of probable cause for the search. U.S. Const. amend. IV; G.S. 15A-245. Proof of probable cause must be established by facts so closely related to the time of issuance of the warrant so as to justify a finding of probable cause at that time. 68 Am. Jur. 2d Searches and Seizures § 70. Our court has recently held:

> The general rule is that no more than a "reasonable" time may have elapsed. The test for "staleness" of information on which a search warrant is based is whether the facts indicate that probable cause exists at the time the warrant is issued. *Sgro v. United States*, 287 U.S. 206, 77 L.Ed. 260, 53 S.Ct. 138 (1932); *State v. King*, 44 N.C. App. 31, 259 S.E. 2d 919 (1979).

*State v. Lindsey*, 58 N.C. App. 564, 565, 293 S.E. 2d 833, 834, *cert. denied*, 306 N.C. 747, 295 S.E. 2d 761 (1982). Our court suggested that an interval of two or more months between the alleged criminal activity and the affidavit is generally an unreasonably long delay. *Id.* at 566, 293 S.E. 2d at 834.

The affidavit offered to justify a finding of probable cause consisted of a report on the comings and goings of certain individuals (including defendants) to and from 335-A Temple Road, and a recitation of defendants' prior drug-related arrests and their reputations. When SBI agents stopped and searched the individuals after they left 335-A Temple Road, they were not in possession of marijuana, and nothing else appearing, their activities as stated in the affidavit cannot justify a finding of probable cause. That leaves the recitation of defendants' prior drug-related activities to support the finding of probable cause. Defendant Goforth's arrest for possession of marijuana was in 1977; there was no arrest information on defendant Reynolds; and defendant Rosokoff's indictment for a drug violation in Florida was in 1975. Clearly, a recitation of the prior arrests of these defendants, even in combination with the alleged comings and goings to and from 335-A Temple Road, failed to provide timely information on which to base a finding of probable cause.

In addition, this affidavit failed to implicate the premises to be searched. In order to show probable cause, an affidavit must establish reasonable cause to believe that the proposed search for evidence of the designated offense will "reveal the presence upon the described premises of the objects sought and that they will

aid in the apprehension or conviction of the offender." *State v. Campbell*, 282 N.C. 125, 129, 191 S.E. 2d 752, 755 (1972). Probable cause cannot be shown by an affidavit which is purely conclusory and does not state underlying circumstances upon which the affiant's belief of probable cause is founded; there must be facts or circumstances in the affidavit which implicate the premises to be searched. *State v. Rook*, 304 N.C. 201, 221, 283 S.E. 2d 732, 744-745 (1981), *cert. denied*, 455 U.S. 1038, 102 S.Ct. 1741, 72 L.Ed. 2d 155 (1982).

In order for an affidavit to establish probable cause sufficient to justify issuance of a search warrant, a recital of underlying facts or circumstances is essential. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed. 2d 684 (1965). The only statements in the affidavit that concerned 335-A Temple Road were: (1) the conclusory statement that 335-A Temple Road was being used "for the storage of drugs and the furtherance of their illicit drug operation," and (2) the fact that two individuals that a confidential informant said were going "to Black Mtn. to purchase marihuana" [sic] later appeared at 335-A Temple Road. We hold that these statements do not recite facts or circumstances sufficient to implicate the premises at 335-A Temple Road as a place where drugs were being stored or where drug-related activities were taking place. Thus, the search warrant was invalid, and the fruits of the search were not competent evidence. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961); *State v. Campbell, supra;* G.S. 15A-974.

The evidence obtained upon execution of the invalid search warrant is not admissible against these defendants.

Based on our holding in part I above, the judgments are arrested.

Judges HEDRICK and BECTON concur.