STATE OF NORTH CAROLINA v. IGNACIO GARCIA TREJO

No. COA03-658

(Filed 6 April 2004)

### 1. Drugs— indictment—trafficking in marijuana—amount— overbroad drafting

Indictments for trafficking in marijuana by possession and transportation were not fatally defective where they alleged that defendant possessed "ten pounds or more" while the statutory amount is "more than ten pounds". Drafting that is too broad but includes the statute and affirmatively alleges the elements may be addressed through proper jury instructions.

### 2. Drugs— trafficking in marijuana—instructions—ten pounds or more

Jury verdicts for trafficking in marijuana by possession and transportation were ambiguous and were remanded where the jury was erroneously instructed that proof of possession of ten pounds or more was needed (the statute does not cover posses-

sion of exactly ten pounds) and the evidence could support the inference that defendant possessed ten pounds.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 18 April 2001 by Judge Kimberly S. Taylor in Rowan County Superior Court. Heard in the Court of Appeals 4 February 2004.

*Attorney General Roy A. Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

LEVINSON, Judge.

Defendant (Ignacio Garcia Trejo) was indicted for trafficking in marijuana by possession and trafficking in marijuana by transportation in violation of N.C.G.S. § 90-95(h)(1)(a). Both indictments alleged that the amount of marijuana involved was "10 pounds or more but less than 50 pounds[.]" Defendant also was indicted for conspiracy to traffic in more than ten but less than fifty pounds of marijuana pursuant to N.C.G.S. § 90-95(i).

At trial, a detective with the Rowan County Sheriff's Department testified that he observed defendant and another individual arrive at a residence in a blue Geo Prism and carry a large cardboard box taken from the car into the residence. The detective testified that, shortly thereafter, the box was found by police in a spare room in the residence. An agent working in the laboratory of the State Bureau of Investigation testified that she had determined the contents of the box to be marijuana in an amount weighing eighteen pounds. Defendant testified that he did not know that the box contained marijuana, and he estimated that the box and its contents weighed "six or seven pounds" at the time he carried it.

The trial court instructed the jury that it should find defendant guilty of trafficking in marijuana by possession if it found that he possessed "ten pounds or more but less than fifty pounds" of marijuana, and that it should find defendant guilty of trafficking in marijuana by transportation if it found that he transported "ten pounds or more but less than fifty pounds" of marijuana. A jury convicted defendant of both trafficking offenses, as well as conspiracy to traffic in marijuana. The conspiracy conviction was obtained

pursuant to a proper indictment and proper jury instructions, and is not at issue in this appeal.

Defendant appeals by writ of *certiorari* allowed 6 March 2002 from his convictions for trafficking in marijuana by possession and trafficking in marijuana by transportation, contending that these convictions must be vacated because they (1) have been obtained pursuant to invalid indictments, and (2) are the products of ambiguous jury verdicts in violation of the North Carolina Constitution. We conclude the indictments are not invalid but that defendant's drug trafficking convictions must be reversed.

[1] In his first argument on appeal, defendant contends that the indictments charging him with trafficking in marijuana by possession and trafficking in marijuana by transportation are fatally defective because each indictment fails to correctly specify the quantity of marijuana necessary for conviction of each offense. We do not agree.

To be constitutionally valid, an indictment " 'must allege lucidly and accurately all the essential elements of the offense endeavored to be charged.' " *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (quoting *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953)). To comport with our Criminal Procedure Act, an indictment must "assert[] facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (2003). An indictment meets minimum standards for validity if it:

"(1) [provides] such certainty . . . as will identify the offense with which the accused is sought to be charged; (2) [protects] the accused from being twice put in jeopardy for the same offense; (3) [enables] the accused to prepare for trial, and (4) [enables] the court, on conviction or plea of *nolo contendere* or guilty to pronounce sentence according to the rights of the case."

*State v. Sparrow*, 276 N.C. 499, 510, 173 S.E.2d 897, 904 (1970) (quoting *Greer*, 238 N.C. at 327, 77 S.E.2d at 919); *see also Hunt*, 357 N.C. at 267, 582 S.E.2d at 600. An indictment

is sufficient in form . . . if it express [sic] the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the

bill . . . , sufficient matter appears to enable the court to pro-
ceed to judgment.

N.C.G.S. § 15-153 (2003). "[A]n indictment which avers facts which
constitute every element of an offense does not have to be couched
in the language of the statute [codifying the offense]." *State v. Hicks*,
86 N.C. App. 36, 40, 356 S.E.2d 595, 597 (1987).

The instant case involves separate indictments for trafficking in
marijuana by possession and trafficking in marijuana by transporta-
tion pursuant to N.C.G.S. § 90-95(h)(1)(a) (2003), which provides:

> Any person who . . . transports, or possesses in excess of 10
> pounds (avoirdupois) of marijuana shall be guilty of a felony
> which felony shall be known as "trafficking in marijuana" and if
> the quantity of such substance involved . . . [i]s **in excess of 10
> pounds, but less than 50 pounds**, such person shall be pun-
> ished as a Class H felon and shall be sentenced to a minimum
> term of 25 months and a maximum term of 30 months in the
> State's prison and shall be fined not less than five thousand
> dollars ($ 5,000).

(emphasis added). "Weight of the marijuana is an essential element of
trafficking in marijuana under G.S. 90-95(h)." *State v. Goforth*, 65
N.C. App. 302, 306, 309 S.E.2d 488, 492 (1983); *State v. Anderson*, 57
N.C. App. 602, 608, 292 S.E.2d 163, 167 (1982).

In the instant case, the indictment charging defendant with traf-
ficking in marijuana by possession alleges that the defendant "pos-
sess[ed] 10 pounds or more but less than 50 pounds" of marijuana,
and the indictment charging defendant with trafficking in marijuana
by transportation alleges that defendant "transport[ed] 10 pounds or
more but less than 50 pounds" of marijuana. Relying on *Goforth*,
defendant contends that neither indictment alleges that the amount
of marijuana possessed or transported by the defendant was "in
excess of 10 pounds, but less than 50 pounds" as is required pursuant
to G.S. § 90-95(h)(1)(a). We do not agree.

In *Goforth*, 65 N.C. App. at 306, 309 S.E.2d at 492, three defend-
ants were indicted for conspiring to traffic "in **at least** 50 pounds of
marijuana" where the conduct proscribed by law was conspiring to
traffic "in **excess of** 50 pounds of marijuana" (emphasis added). This
Court held that the indictments were invalid "because 'in at least 50
pounds' is not 'in excess of 50 pounds.' " *Id.* The conduct alleged in
the *Goforth* indictments did not necessarily allege that defendants

**STATE v. TREJO**

[163 N.C. App. 512 (2004)]

had conspired to traffic marijuana in an amount that was more than fifty pounds, which was an essential element of the crime charged. Rather, the *Goforth* indictments alleged that defendants had conspired to traffic marijuana in an amount that was, at the very least, fifty pounds. Though the phrase "at least 50 pounds" implied that the *Goforth* defendants in fact conspired to traffic in more than fifty pounds of marijuana, this phrase, standing alone, did not explicitly set forth the essential weight element of the crime. Thus, the *Goforth* indictments were fatally flawed because they were not drafted in such a way as to affirmatively allege the requisite weight element of the charged offense.

Quite differently, the indictments in the instant case, though overbroad, do allege the required amount of marijuana. G.S. § 90-95(h)(1)(a) criminalizes trafficking marijuana in an amount "in excess of 10 pounds, but not more than 50 pounds." Defendant's trafficking indictments allege that he trafficked in marijuana by possessing and transporting "10 pounds or more, but less than 50 pounds." "[Ten] pounds or more" includes "more than ten pounds," which is the same as "in excess of 10 pounds." Therefore, the indictments charging defendant with trafficking marijuana by possession and trafficking marijuana by transportation do allege that the required amount of marijuana was involved in each offense.

The problem with the challenged indictments is that they are drafted in such a way as to include the possibility that defendant possessed and transported exactly ten pounds of marijuana, which does not constitute trafficking in marijuana. G.S. § 90-95(h). However, such over-inclusive drafting does not invalidate the indictments. Here, where the indictment lists the statute under which the defendant is charged and the indictment affirmatively alleges the elements of the such offense, the overbroad language of the indictment may be addressed through, *e.g.*, proper jury instructions that inform the jury of the conduct for which defendant may be convicted. This assignment of error is overruled.

---

[2] Defendant's second contention on appeal is that his marijuana trafficking convictions must be reversed because they are the result of ambiguous jury verdicts in violation of the State Constitution. Defendant argues that the guilty verdicts are ambiguous because the jury was instructed that trafficking in marijuana pursuant to G.S. § 90-95(h)(1)(a) requires proof of "ten pounds or more but less than fifty pounds" of marijuana, when in fact, possession and/or trans-

portation of exactly ten pounds is not made criminal in this statute. The State concedes that the trial court's instructions were erroneous, but claims that the error is harmless.

Our State Constitution provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury[.]" N.C. Const. Art. I, § 24. "To convict a defendant, the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged." *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982).

Moreover, our appellate courts have addressed ambiguity in analogous circumstances. "If the trial court instructs a jury that it may find the defendant guilty of the crime charged on either of two alternative grounds, some jurors may find the defendant guilty of the crime charged on one ground, while other jurors may find the defendant guilty on another ground." *State v. Petty*, 132 N.C. App. 453, 460, 512 S.E.2d 428, 433 (1999). "Submission of an issue to the jury in the disjunctive is reversible error if it renders the issue ambiguous and thereby prevents the jury from reaching a unanimous verdict." *State v. Diaz*, 317 N.C. 545, 553-54, 346 S.E.2d 488, 494 (1986) (jury instructions that the defendant could be found guilty of trafficking if he either possessed or transported marijuana resulted in a verdict which risked lack of unanimity because "transportation . . . and possession of . . . marijuana are separate trafficking offenses for which a defendant may be separately convicted and punished"); *State v. McLamb*, 313 N.C. 572, 577, 330 S.E.2d 476, 480 (1985) (verdict finding that defendant "feloniously did sell or deliver" cocaine held "fatally defective and ambiguous" as sale and delivery are separate offenses).

G.S. § 90-95(h)(1)(a) criminalizes trafficking in an amount of marijuana "in excess of 10 pounds, but less than 50 pounds." "Weight of the marijuana is an essential element of trafficking in marijuana under G.S. [§] 90-95(h)." *Goforth*, 65 N.C. App. at 306, 309 S.E.2d at 492. "The weight element upon a charge of trafficking in marijuana becomes more critical if the . . . evidence . . . approaches the minimum weight charged." *Anderson*, 57 N.C. App. at 608, 292 S.E.2d at 167.

In the present case, the trial court deviated from the language used in G.S. § 90-95(h)(1)(a) to describe the weight element of marijuana trafficking. Specifically, the trial court instructed the jury that it should convict defendant of trafficking in marijuana by possession under G.S. § 90-95(h)(1)(a) if it found that defendant possessed "ten

pounds or more but less than fifty pounds" of marijuana and that it should convict defendant of trafficking in marijuana by transportation under G.S. § 90-95(h)(1)(a) if it found that defendant transported "ten pounds or more but less than fifty pounds" of marijuana. At trial, evidence presented by the State tended to show that the marijuana possessed and transported by defendant weighed eighteen pounds; however, defendant testified that the weight of the box containing the marijuana was "about six or seven pounds[.]" Thus, the evidence could support an inference that defendant possessed and/or transported ten pounds of marijuana, which does not qualify as trafficking in marijuana under G.S. § 90-95(h)(1)(a). Considering the evidence and erroneous jury instructions, we cannot conclude the jury unanimously convicted defendant of the conduct proscribed by G.S. § 90-95(h)(1)(a). Therefore, defendant's convictions for trafficking in marijuana by possession and trafficking in marijuana by transportation must be reversed.

Furthermore, because the convictions for conspiracy to traffic in marijuana and trafficking in marijuana by transportation were consolidated in one of the judgments imposing sentence, defendant must be resentenced for his conviction for conspiracy to traffic in marijuana.

The convictions for trafficking in marijuana by possession and transportation are reversed; the State is not precluded from retrying defendant on these charges. The conviction for conspiracy to traffic in marijuana is remanded for resentencing.

Reversed; remanded for resentencing.

Judge HUNTER concurs in part and dissents in part.

Judge McCULLOUGH concurs.

HUNTER, Judge, concurring in part and dissenting in part.

I respectfully dissent from the majority's conclusion that the indictments charging defendant with trafficking in marijuana by possession and trafficking in marijuana by transportation were not facially defective because each failed to correctly specify the quantity of marijuana necessary for conviction of each offense.

As recognized by the majority, one of the minimum standards for an indictment to be valid is that it provides "such *certainty* in the

statement of accusation as will . . . identify the offense with which the accused is sought to be charged[.]" *State v. Goforth,* 65 N.C. App. 302, 305, 309 S.E.2d 488, 491 (1983) (emphasis added). In *Goforth,* this Court concluded that such certainty was not present to render the indictments against those defendants valid. Specifically, the indictments in *Goforth* charging the defendants with conspiring to traffic " 'in at least 50 pounds of marijuana[]' " allowed for two interpretations—that the defendants either conspired to traffic *in exactly* 50 pounds of marijuana or *in excess of* 50 pounds of marijuana. *Id.* at 306, 309 S.E.2d at 491-92. However, the relevant statute clearly provided for only one interpretation—trafficking " *'in excess of* 50 pounds (avoirdupois) of marijuana.'* " *Id.* at 305, 309 S.E.2d at 491 (emphasis added) (citation omitted). The *Goforth* Court concluded that the uncertainty as to the offense charged constituted a fatal error in the indictments since the weight of the marijuana was an essential element of that offense. *Id.* at 306, 309 S.E.2d at 492.

The majority attempts to distinguish *Goforth* by concluding that "the indictments in the instant case, though overbroad, do allege the required amount of marijuana[]" and thus, "such over-inclusive drafting does not invalidate the indictments." I do not agree with this distinction, believing instead that *Goforth* is analogous to the case *sub judice.* Here, as in *Goforth,* the indictments alleging that the amount of marijuana be either "10 pounds or more" were subject to two different interpretations despite N.C. Gen. Stat. § 90-95(h)(1)(a) (2003) requiring that the amount of marijuana defendant possessed and transported be "in excess of 10 pounds[.]" The State's overboard misstatement of the statute in the indictments provides the same level of uncertainty as to the offense for which defendant was charged that the *Goforth* Court sought to prevent, precedent by which I feel this Court is bound. *See In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

Accordingly, the judgments based on these indictments should be arrested and the verdicts and sentences vacated. This finding would not prevent the State from proceeding against defendant upon new and sufficient bills of indictment if it so desires. *See Goforth,* 65 N.C. App. at 306, 309 S.E.2d at 492. Finally, while I agree with the majority's conclusion regarding defendant's second contention, there would have been no need to reach that contention had the majority found that the indictments were facially defective.