STATE OF NORTH CAROLINA v. MARLON DAMON CHARLES

No. COA08-601

(Filed 16 December 2008)

**1. Drugs— trafficking—erroneous instructions on weight— not plain error**

Erroneous jury instructions on trafficking in marijuana did not constitute plain error where the jury was instructed that it should find defendant guilty if he sold between ten and fifty pounds (rather than in excess of ten pounds but less that fifty pounds), but the evidence was that the marijuana involved in the transactions weighed eleven pounds and thirteen pounds.

**2. Drugs— sufficiency of evidence—distinct from credibility**

It is not the duty of the trial court to weigh the evidence or determine credibility on a motion to dismiss, and the trial court here correctly denied defendant's motion to dismiss a prosecution for marijuana trafficking.

**3. Evidence— irrelevant—prejudice not shown**

The trial court did not err in a prosecution for trafficking in marijuana by admitting a piece of paper found in a search of defendant's girlfriend's house as being corroborative of the State's informant. Defendant argued that the evidence was irrelevant and prejudicial, but defendant did not show unfair prejudice. Irrelevant evidence is harmless unless the defendant shows that a different result would have ensued otherwise, which defendant did not do.

Appeal by defendant from judgment entered 2 November 2007 by Judge R. Allen Baddour, Jr., in Wake County Superior Court. Heard in the Court of Appeals 9 October 2008.

*Attorney General Roy Cooper, by Assistant Attorney General James M. Stanley Jr., for the State.*

*Kimberly P. Hoppin for defendant appellant.*

McCULLOUGH, Judge.

On 2 November 2007, a jury convicted Marlon Damon Charles ("defendant") on six charges of trafficking in marijuana: by sale, by delivery, and by possession. On appeal, defendant contends that the trial court erred by (1) entering judgment on convictions which were the product of ambiguous jury verdicts, (2) denying defendant's motion to dismiss, and (3) admitting a paper writing into evidence over defendant's objection. After careful review of the record, we find no prejudicial error.

I. Background

On 3 April 2007, defendant was indicted on two charges of trafficking in marijuana by sale, two charges of trafficking in marijuana by delivery, and two charges of trafficking in marijuana by possession. The charges were related to transactions that occurred on 29 January 2007 and 9 February 2007. All of the indictments alleged that the amount of marijuana involved was "10 pounds or more but less than 50 pounds[.]" The case was tried before a jury at the 29 October 2007 Criminal Session of Wake County Superior Court, before the Honorable R. Allen Baddour, Jr.

The State's evidence at trial tended to show the following: Frederico "Fred" Johnson ("Johnson") began working as a paid police informant in April of 2006 after he was charged with trafficking in

cocaine. Johnson first met defendant in 2005, when Johnson was involved in selling marijuana. Johnson bought marijuana from defendant on numerous occasions, generally in amounts weighing 10 to 20 pounds. After Johnson's arrest in 2006, he continued to purchase marijuana from defendant and agreed to cooperate with the police in providing information about drug transactions.

On 18 January 2007, Johnson met with Agent Jeffrey Morales of the North Carolina State Bureau of Investigation ("SBI"). Johnson told Agent Morales that defendant, whom he knew as "Lion," was trafficking marijuana and had directed the delivery of some packages containing marijuana. Based on this information, Agent Morales contacted Special Agent Kathy O'Brien and started an investigation.

Under supervision of the SBI, Johnson engaged in a series of controlled buys with defendant. At defendant's trial, Johnson testified about his dealings with defendant in January and February of 2007. Before each meeting with defendant, the SBI provided Johnson with money to purchase marijuana, conducted a search of Johnson, and installed a recording device on his person.

Johnson met with defendant on 29 January 2007 at 5512 Wood Pond Court in Raleigh, North Carolina, the residence of defendant's girlfriend, Sasha Fox ("Fox's house"). Special Agent O'Brien testified that the SBI was unable to view Johnson entering and departing from Fox's house and could only hear small portions of Johnson's conversation with defendant over the monitor. Johnson paid defendant $2,000.00 to satisfy a prior debt, and defendant gave Johnson a packaged box containing what Johnson believed to be 12 pounds of marijuana. After this exchange, Johnson returned to the SBI lab, where the SBI took possession of the box and submitted the contents for testing. A forensic drug chemist from the City County Bureau of Investigation (CCBI) testified that she had determined the contents of the box to be marijuana in an amount weighing 11 pounds.

Johnson returned to Fox's house on 7 February 2007 to meet with defendant a second time. During this meeting, Johnson gave defendant $9,000.00 to pay for the 29 January 2007 transaction. After waiting at Fox's house for a few hours, Johnson and defendant drove to a few other locations, but were unable to obtain any marijuana. The SBI was unable to hear any of the conversations over the monitor between Johnson and defendant.

Johnson met defendant for a third time at Fox's house on 9 February 2007. The SBI observed Johnson entering and leaving Fox's

house. After Johnson entered the house, defendant went into a bed-room and returned with a Christmas tree box and a Pampers box, which Johnson believed to contain 16 pounds of marijuana. A forensic drug chemist from the CCBI testified that the two packages collectively contained 13 pounds of marijuana.

On 16 February 2007, the SBI obtained search warrants for Fox's house as well as defendant's residence at 5605 Cilantro Drive in Raleigh. The SBI seized about $8,000.00 in cash from defendant's residence and approximately three pounds of marijuana from Fox's house. At Fox's house, the SBI also found a piece of paper with the notation, "Fred 12" written on it.

The CCBI examined fingerprints lifted from the various items of packaging involved in the drug transactions between defendant and Johnson. An evidence technician from CCBI identified three of the prints as belonging to defendant and one of the prints as belonging to Johnson.

At the close of the State's evidence, defendant moved to dismiss all charges for insufficiency of evidence, which the trial court denied. Defendant renewed his motion to dismiss, which was also denied by the trial court.

On 2 November 2007, the jury returned unanimous verdicts of guilty on all six charges. The trial court entered judgment and sentenced defendant to a term of 25 to 30 months' imprisonment and imposed fines in the amount of $13,000.00. Defendant gave notice of appeal in court on 2 November 2007.

## II. Jury Instructions

[1] Defendant assigns error to all of his trafficking in marijuana convictions under N.C. Gen. Stat. § 90-95(h)(1), arguing that due to the overly broad jury instructions, his convictions were the product of ambiguous jury verdicts. We disagree.

Our State Constitution provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. Art. I, § 24. "To convict a defendant, the jurors must unanimously agree that the State has proven beyond a reasonable doubt each and every essential element of the crime charged." *State v. Jordan*, 305 N.C. 274, 279, 287 S.E.2d 827, 831 (1982). "If the trial court instructs a jury that it may find the defendant guilty of the crime charged on either of two alternative grounds, some jurors may

find the defendant guilty of the crime charged on one ground, while other jurors may find the defendant guilty on another ground." *State v. Petty*, 132 N.C. App. 453, 460, 512 S.E.2d 428, 433, *appeal dismissed and disc. review denied*, 350 N.C. 598, 537 S.E.2d 490 (1999).

"Submission of an issue to the jury in the disjunctive is reversible error if it renders the issue ambiguous and thereby prevents the jury from reaching a unanimous verdict." *State v. Diaz*, 317 N.C. 545, 553, 346 S.E.2d 488, 494 (1986).

Defendant was convicted of six counts of trafficking in marijuana by possession, sale, and delivery, pursuant to N.C. Gen. Stat. § 90-95(h)(1), which reads:

Any person who sells, manufactures, delivers, transports, or possesses *in excess of 10 pounds* (avoirdupois) of marijuana shall be guilty of a felony which felony shall be known as "trafficking in marijuana" and if the quantity of such substance involved:

a. *Is in excess of 10 pounds*, but less than 50 pounds, such person shall be punished as a Class H felon and shall be sentenced to a minimum term of 25 months and a maximum term of 30 months in the State's prison and shall be fined not less than five thousand dollars ($5,000).

N.C. Gen. Stat. § 90-95(h)(1)(a) (2007) (emphasis added). "Weight of the marijuana is an essential element of trafficking in marijuana under G.S. [§] 90-95(h)." *State v. Goforth*, 65 N.C. App. 302, 306, 309 S.E.2d 488, 492 (1983). "The weight element upon a charge of trafficking in marijuana becomes more critical if the State's evidence of the weight approaches the minimum weight charged." *State v. Anderson*, 57 N.C. App. 602, 608, 292 S.E.2d 163, 167, *disc. review denied*, 306 N.C. 559, 294 S.E.2d 372 (1982).

In this case, the trial court deviated from the language used in N.C. Gen. Stat. § 90-95(h)(1) to describe the weight element of trafficking in marijuana. Specifically, the trial court instructed the jury that it should find defendant guilty if it found that defendant sold "between ten and fifty pounds" of marijuana. Defendant claims these erroneous instructions permitted the jury to find him guilty if it found the weight of the marijuana to be exactly 10 pounds, which does not qualify as a trafficking offense under the statute.

Because defendant did not object to this aspect of the jury instructions at trial, the challenged instructions are reviewable only

for plain error. *See* N.C. R. App. P. 10(b)(2); *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). The plain error rule is always to be applied cautiously and only in the exceptional case. *Id.* Under this standard, defendant has the burden of showing " '(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial.' " *State v. Stanfield*, 134 N.C. App. 685, 689, 518 S.E.2d 541, 544 (1999) (quoting *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997)). In deciding whether a defect in the jury instructions constitutes plain error, we must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt. *Odom*, 307 N.C. at 661, 300 S.E.2d at 378-79.

Defendant relies on our decision in *State v. Trejo*, 163 N.C. App. 512, 594 S.E.2d 125 (2004), in support of his argument. In *Trejo*, the trial court instructed the jury that if it found that the defendant possessed "ten pounds or more but less than fifty pounds" of marijuana, it should find him guilty of trafficking in marijuana. *Trejo*, 163 N.C. App. at 517-18, 594 S.E.2d at 129. The State provided evidence that the box of marijuana transported by the defendant weighed 18 pounds, while the defendant testified that the box only weighed 6 or 7 pounds. *Id.* at 518, 594 S.E.2d at 129. Because the evidence in *Trejo* could have supported an inference that the defendant possessed exactly ten pounds of marijuana, we reversed his convictions. *Id.*

Contrary to the facts in *Trejo*, there was not any evidence presented at defendant's trial which would support an inference that defendant sold, delivered, or possessed exactly 10 pounds of marijuana. Here, the State provided evidence that weight of the marijuana involved in Johnson's transactions with defendant was 11 pounds and 13 pounds. Defendant did not contradict this evidence, nor did he offer any evidence regarding the weight of the marijuana involved. The jury was not presented with any evidence that the weight of marijuana involved was exactly 10 pounds, and therefore, it is not probably that the instructional error had a probable impact on the jury's verdicts. Thus, defendant has failed to show any plain error in the instructions to the jury.

### III. Motion to Dismiss

[2] Defendant also appeals the trial court's denial of his motion to dismiss. Defendant moved to dismiss all charges at the close of the State's evidence and again at the close of all evidence, both of which

were denied. Defendant argues that there was insufficient evidence to convict him of trafficking in marijuana by possession, sale, and delivery. We find no error.

The standard of review for a motion to dismiss for insufficient evidence is whether there is substantial evidence of each element of the offense charged and that the defendant is the perpetrator of such offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). The reviewing court must view the evidence in the light most favorable to the State, giving the State every reasonable inference arising from the evidence. *Powell*, 299 N.C. at 99, 261 S.E.2d at 117.

"[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both." *State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981). Any contradictions or discrepancies arising from the evidence are for the jury to resolve and do not warrant dismissal. *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996), *cert. allowed in part*, 348 N.C. 507, 506 S.E.2d 252 (1998).

In the present case, the evidence, viewed in the light most favorable to the State, tends to show the following: On 29 January 2007, Johnson gave defendant $2,000.00 and received 11 pounds of marijuana from him. Johnson paid defendant $9,000.00 in exchange for two boxes containing 13 pounds of marijuana, which he received on 9 February 2007. A latent print examiner from the CCBI determined that three fingerprints on the boxes of marijuana were made by defendant. Based on the above-mentioned evidence, we conclude that the trial court was presented with sufficient evidence to satisfy all elements for each of defendant's convictions.

Defendant claims that the above-mentioned evidence is insufficient because it is solely based on the uncorroborated testimony of Johnson. Defendant contends that Johnson was a "witness of questionable reliability" due to his prior drug convictions, his belief that his testimony would get his sentence reduced for cooperating with law enforcement, and the fact that he was being paid by law enforcement for his participation in undercover drug transactions.

Defendant's arguments are misplaced in that the arguments do not concern the sufficiency of evidence but instead relate to the cred-

ibility of Johnson. On a motion to dismiss, it is not the duty of the trial court to weigh the evidence or determine any witness' credibility. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 256, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002) (citation omitted). "When ruling on a motion to dismiss, the trial court should be concerned only about whether the evidence is sufficient for jury consideration, not about the weight of the evidence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455-56, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). We conclude that the State presented sufficient evidence to survive defendant's motion to dismiss and therefore find no error.

## IV. Admission of Evidence

[3] Defendant contends that the trial court erred in admitting State's Exhibit No. 1 ("Exhibit 1") into evidence. Exhibit 1 was a piece of paper containing the notation "Fred 12" that the police found at Fox's house, pursuant to a search warrant. During trial, the State moved to introduce Exhibit 1 to corroborate the testimony of Johnson, who goes by the name "Fred," that he purchased 12 pounds of marijuana from defendant on 29 January 2007. Defendant's objections were overruled.

The trial court's decision to exclude or admit evidence is generally reviewed for an abuse of discretion. *Brown v. City of Winston-Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (citations omitted), *cert. denied*, 360 N.C. 575, 635 S.E.2d 429 (2006). Defendant argues that the trial court erred in admitting Exhibit 1 because it was not properly authenticated,[1] irrelevant, and prejudicial. These arguments have no merit.

Irrelevant evidence is harmless unless the defendant shows that he was so prejudiced by the erroneous admission that a different result would have ensued if the evidence had been excluded. *State v. Harper*, 96 N.C. App. 36, 42, 384 S.E.2d 297, 300 (1989). Defendant has not met this burden. Furthermore, defendant's claim that Exhibit 1 was not admissible because it was prejudicial has no merit. It is assumed that evidence which is probative in the State's case will have a prejudicial effect on a defendant; the question, then, is one of degree. *State v. Mercer*, 317 N.C. 87, 93-94, 343 S.E.2d 885, 889 (1986). Relevant evidence is properly admissible unless the court determines

---

1. We do not reach the merits of this argument and dismiss because it does correspond with the assignments of error set out in the record on appeal. *See* N.C. R. App. P. 10(a) (stating that "the scope of review on appeal is confined to consideration of those assignments of error set out in the record on appeal").

that it must be excluded, for instance, because of the risk of unfair prejudice. *Id.* at 94, 343 S.E.2d at 889. Defendant has failed to show unfair prejudice. Thus, we overrule this assignment of error.

V. Conclusion

For the above-mentioned reasons, we find no error warranting the reversal of defendant's convictions.

No error.

Judges TYSON and CALABRIA concur.